**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **TREY GULLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | 4:20-cv-51-HLM-WEJ |
| | ) | |
| **VMC SPECIALTY ALLOYS** | ) | |
| **LLC d/b/a VISTA METALS,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Lance Corporal Trey Gulledge files this Complaint against Defendant VMC Specialty Alloys LLC d/b/a Vista Metals, showing the Court as follows:

**INTRODUCTION**

1.  In January 2015, Lance Corporal Gulledge put country before self and enlisted in the United State Marine Corps. At the time of his selfless action, he had been working for Defendant in its specialty aluminum product facility.

2.  While in the Marine Corps, Lance Corporal Gulledge was awarded many decorations, medals, badges, citations and campaign ribbons, including the Marine Corps Good Conduct Medal, the National Defense Service Medal, the Global War on Terrorism Service Medal, and a Certificate of Commendation.

1

3.      Unfortunately, however, Lance Corporal Gulledge was injured while he served and he received an Honorable Discharge in 2018.

4.      Upon his discharge from service that lasted fewer than five years, Lance Corporal Gulledge sought reemployment with Defendant within days of his Honorable Discharge.  At the time, Lance Corporal Gulledge was aware that he had certain rights under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA") upon his return from service.

5.      Under USERRA, "any person who absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits" so long as the person meets certain criteria.  38 U.S.C. § 4312.

6.      Given that Lance Corporal Gulledge's service lasted for more than 90 days, Defendant was required to "promptly" reemploy him:

> (A) in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform; or
> (B) in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status and pay, the duties of which the person is qualified to perform, only if the person is not qualified to perform the duties of a position referred to in subparagraph (A) after reasonable efforts by the employer to qualify the person.

38 U.S.C. § 4313(a)(2).

2

7.    Defendant not only failed to reemploy Lance Corporal Gulledge in a position required under USERRA, but it refused reemploy Lance Corporal Gulledge at all, even though he met the applicable criteria, reemployment was not impossible or unreasonable, and it would have created no undue hardship on Defendant.

8.    Thus, in refusing reemployment to Lance Corporal Gulledge, Defendant violated USERRA.  Because of Defendant's violations of USERRA, Lance Corporal Gulledge is entitled to the remedies contained in 38 U.S.C. § 4323, including, but not limited to, his lost wages and benefits, liquidated damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

9.    Lance Corporal Gulledge brings this action under USERRA. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 38 U.S.C. § 4323.

10.    The violations of Lance Corporal Gulledge's rights were committed within the Northern District of Georgia. Venue is proper in this Court under 28 U.S.C. § 1391(b), as every act of which Lance Corporal Gulledge complains occurred in the Rome Division of the United States District Court for the Northern District of Georgia.

## PARTIES

11.   Lance Corporal Gulledge is a resident of Bartow County, Georgia.

12.   Defendant is a Delaware limited liability company that manufactures specialty aluminum products.

13.   Lance Corporal Gulledge worked for Defendant at its facility in Adairsville, Georgia.

14.   Defendant can be served with process through Paracorp Incorporated, located at 279 W. Crogan Street in Lawrenceville, Georgia 30046.

## STATEMENT OF FACTS

15.   In July 2014, Lance Corporal Gulledge began working for Defendant as a general helper.

16.   Shortly thereafter, Defendant promoted Lance Corporal Gulledge to a homogenizing operator position.  As part of the promotion, Defendant increased Lance Corporal Gulledge's hourly compensation from $12.75 to about $16.

17.   Defendant also provided Lance Corporal Gulledge with certain benefits, such as health insurance.

18.   In November 2014, Lance Corporal Gulledge informed Defendant that he was enlisting in the Marine Corps in January.

19.   Lance Corporal Gulledge continued to work for Defendant until the beginning of January, at which time he left for his service.

20. While he was serving his country in the Marine Corps, Lance Corporal Gulledge sustained injuries and, ultimately, was medically discharged on April 29, 2018.

21. On about April 25, 2018, Lance Corporal Gulledge approached Defendant to discuss reemployment.

22. Defendant asked Lance Corporal Gulledge to come to the facility the following day to interview.

23. The following day, Lance Corporal Gulledge met with Defendant, including Defendant's hiring manager, Lewin Dunn.

24. During the interview, Defendant asked Lance Corporal Gulledge about his military experience and if there was anything that happened in the military that would keep him from performing the job he had before he left for the military.

25. Lance Corporal Gulledge told Defendant about his physical limitations, including his limitations on lifting certain weights and moving in certain ranges.

26. As soon as Lance Corporal Gulledge told Defendant of his limitations, Mr. Dunn told Lance Corporal Gulledge that Defendant did not have any positions for him.

27.     This was not true.  Lance Corporal Gulledge was qualified for several other jobs, including quality control, hazmat positions, and receiving positions, and Defendant was doing a cycle of hiring at that time.  But Defendant refused to reemploy Lance Corporal Gulledge in any of these positions.

28.     Within minutes of Lance Corporal Gulledge informing Defendant of his medical condition, the interview was over and he had left Defendant's facility.

## CLAIMS FOR RELIEF

## COUNT I

29.     Lance Corporal Gulledge incorporates each and every preceding paragraph as if set forth fully herein.

30.     Under USERRA, "any person who absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits" so long as the person meets certain criteria.  38 U.S.C. § 4312.

31.     Lance Corporal Gulledge's service lasted for more than 90 days, and thus Defendant was required to "promptly" reemploy him:

> (C) in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform; or
> (D) in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status

6

and pay, the duties of which the person is qualified to perform, only if the person is not qualified to perform the duties of a position referred to in subparagraph (A) after reasonable efforts by the employer to qualify the person.

38 U.S.C. § 4313(a)(2).

32.    Defendant not only failed to reemploy Lance Corporal Gulledge in a position required under Section 4314, but it refused reemploy Lance Corporal Gulledge at all, even though he met the applicable criteria, reemployment was not impossible or unreasonable, and it would have created no undue hardship on Defendant.

33.    As a direct and proximate result of Defendant's unlawful actions, Lance Corporal Gulledge has suffered damages, including lost wages and benefits, available under USERRA.

34.    Additionally, Defendant's actions were willful.  Defendant knew or should have known about its obligations under USERRA.  These obligations are well established in the plain language of the law and in well-established case law. Defendant obtained or had available substantial written materials that apprised it of its duties under USERRA, yet it nonetheless violated Lance Corporal Gulledge's rights, entitled him to an award of liquidated damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the following relief be granted:

A. That the Court take jurisdiction of this matter;

7

B. That process be served;

C. That Plaintiff be awarded a declaratory judgment that Defendant violated USERRA;

D. That the Court enter a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of USERRA;

F. That the Court award Plaintiff damages available under USERRA, including, but not limited to, back pay and front pay in an amount to be determined at the trial of this case; liquidated damages; Plaintiff's costs in this action and reasonable attorneys' fees pursuant to USERRA and other applicable laws;

J. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

K. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 27th day of February, 2020.


By:    s/ Andrew Weiner_____
       **WEINER & SAND LLC**
       Andrew L. Weiner
       Jeffrey B. Sand
       800 Battery Avenue SE
       Suite 100
       Atlanta, GA 30339
       T: 404.205.5029
       T: 404.254.0842
       F: 866.800.1482
       E: aw@atlantaemployeelawyer.com
       E: js@atlantaemployeelawyer.com

       *Attorneys for Plaintiff*

9